# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1165V
### Filed: November 29, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KATHRYN S. LEFFLER,     * | |
|     * | |
| Petitioner,     * | Fact Ruling; Influenza ("Flu") Vaccine; |
|     * | Shoulder Injury Related to Vaccine |
| v.     * | Administration ("SIRVA"); Conflicting |
|     * | Evidence of Vaccine Injection Site; |
| SECRETARY OF HEALTH     * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES,     * | |
|     * | |
| Respondent.     * | |
|     * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Daniel H. Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON FACTS[1]

**Dorsey,** Chief Special Master:

On October 9, 2015, Kathryn S. Leffler ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered a right shoulder injury that was caused-in-fact by an influenza ("flu") vaccination she received on October 11, 2012.  Petition at 1.  The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

### I. Summary of Dispute

Petitioner received an influenza vaccination on October 11, 2012.  Exhibit 8.  The immunization record clearly documents that the vaccine was administered to petitioner's

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

left deltoid; petitioner, however, asserts it was given on the right side. In an affidavit filed after the initial status conference, petitioner states that the vaccine record "is mistaken." Exhibit 9. She states that she is "left handed and ha[s] never had any shots [in] other than [her] right shoulder." *Id.* She also states that the "administrator [had] wanted to inject [her] left shoulder," but that she "declined more than once." *Id.*

Despite petitioner's attestations, respondent continued to have concerns about this issue and requested a status conference to address the matter. *See* Status Rep., filed Nov. 1, 2016 (ECF No. 45). The status conference was convened on November 22, 2016. Daniel Pfeifer appeared for petitioner and Michael Milmoe appeared for respondent.

At the start of the conference, Mr. Milmoe informed the undersigned that he and Mr. Pfeifer had communicated via e-mail about this issue, and that during the exchange, Mr. Pfeifer, and his associate Jerry McKeever, presented him with a concise summary of the evidence they believe supports petitioner's assertion. Mr. Milmoe read the summary for the undersigned's consideration.[3] After more discussion, the undersigned informed the parties that she was prepared to issue a fact ruling, having thoroughly reviewed and considered the evidence before her. Both parties, through counsel, consented to the undersigned issuing the ruling during the status conference.

The undersigned thereafter stated that she found preponderant support for finding that petitioner received the October 11, 2012 influenza vaccination in her <u>right</u> shoulder, as she claims. The undersigned then identified and discussed in detail the evidence upon which her finding was based.

## II. Summary of Facts Supporting Finding

The evidence in favor of petitioner's assertion that she was vaccinated in her right arm includes the following:

1. Petitioner's initial affidavit wherein she states that she received the October 11, 2012 vaccination in her right shoulder. *See* Exhibit 2.

2. Chiropractic treatment records dated October 22, 2012, reflecting complaint of right shoulder pain since receiving the October 11, 2012 flu shot. *See* Exhibit 3 at 3. Subsequent records in this exhibit reflect regular treatment for right shoulder symptoms.

3. Primary care records by Dr. William Nelson, dated October 22, 2012, containing a history of "great problems with pain and swelling" in the "posterior right arm" following a recent flu vaccination. *See* Exhibit 12 at 23. The records note that Dr. Nelson's physical examination revealed "a punctate

---

[3] By agreement of the parties, Mr. Milmoe sent a copy of e-mail containing the summary to the OSM staff attorney managing this case for inclusion in the case file.

lesion surrounded by contusion" at an "appropriate location for an injection, over the lateral portion of the arm, but below the deltoid." *Id.*

4. Neurology records dated December 18, 2012, containing a history of stiffness and pain in the right arm soon after receiving the October 11, 2012 flu shot, and petitioner's presentation of right upper extremity pain, weakness, and numbness at the appointment. *See* Exhibit 4 at 6-8.

5. Workers' Compensation records reflecting petitioner's claim for benefits for a right shoulder injury allegedly caused by the October 11, 2012 flu vaccination. *See* Exhibit 7.

6. Petitioner's second affidavit wherein she reiterates that the vaccine was administered to her right shoulder and states the reasons why the immunization record "is mistaken." *See* Exhibit 9.

The evidence against petitioner's assertion that she was vaccinated in her right arm consists of the following:

1. The immunization record, which indicates the vaccine was given in her left deltoid. Exhibit 8.

### III. Fact Ruling

After a discussion of the facts set forth above, the undersigned made an oral ruling in petitioner's favor, finding the totality of the evidence indicated petitioner received the October 11, 2012 vaccination in her right shoulder. The undersigned noted that the primary care records dated October 22, 2012, which documented a right-side "punctate lesion surrounded by contusion," were particularly strong evidence that the vaccine was given in the right shoulder, and not in the left, as noted on the vaccine record. Additionally, petitioner consistently reported to treatment providers that her symptoms developed after the October 11, 2012 vaccination.

### IV. Conclusion

At the conclusion of the conference, Mr. Milmoe requested a period of 30 days to discuss the undersigned's finding with respondent and to file a status report indicating how she wishes to proceed. Petitioner agreed with this proposal. Additional deadlines will be set thereafter.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
